# CHARLESTON.

O. E. TAYLOR et als. v. UNITED FUEL GAS COMPANY et als.

(No. 5461)

Submitted January 13, 1926.     Decided January 26, 1926.

RECEIVERS—*On Answer Containing Material Allegations of New Matter Showing That Plaintiffs Were Not Entitled to Maintain Suit, Not Controverted by Reply, Appointment of Receiver Will be Vacated.*

A receiver is appointed on motion of plaintiffs after an answer has been filed. The answer contains material allegations of new matter, constituting a claim for affirmative relief, not controverted by a special reply in writing. The new matter shows that the plaintiffs are not entitled to maintain the suit. *Held:* the appointment of the receiver will be vacated. Section 36, Chapter 125 of the Code applied.

(Receivers, 34 Cyc. p. 133.)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Kanawha County.

Suit by O. E. Taylor and others against the United Fuel Gas Company and others for partition and appointment of

a receiver. From a decree appointing a receiver, defendants appeal.

*Reversed and remanded.*

*Harold A. Ritz,* for appellants.

*Koontz, Hurlbutt & Revercomb,* for appellees.

HATCHER, JUDGE:

From the appointment of a receiver, by the Circuit Court of Kanawha County, the defendant, the United Fuel Gas Company, has appealed.

The bill alleges that the plaintiffs own an undivided interest in the oil and gas on a tract of 142 acres; that the other interests therein are owned by numerous parties, one of whom is the defendant company; that the said tract is located in proven gas territory; that the defendant company has put down five wells in close proximity to the said tract, which wells are producing largely and draining the oil and gas from under the said tract; that the plaintiffs are ready, able and desire to operate oil and gas on the said tract, but, as they allege, "since they own undivided interests in oil and gas, in which other parties, the defendants, also own interests, that the plaintiffs cannot themselves, go upon said lands and operate for oil and gas and thereby save and preserve their interests"; and that the defendant company had refused to join with the plaintiffs in the development of the tract. The bill prays for partition and the appointment of a receiver for the purpose of drilling for and operating the oil and gas.

An answer in the nature of a cross bill was promptly filed by the defendant company which admits the proximity of its wells to the 142 acre tract, but denies drainage therefrom to the extent alleged in the bill. The answer repudiates the position assumed by the plaintiffs, that because they are the owners of only an undivided interest in the tract, they could not operate and save the oil and gas therein. It also denies the necessity of a court of equity intervening to protect plaintiffs' rights. The answer then alleges that one Joe Miller, who was in the employment of the defendant company as its

agent for the purpose of securing leases and other rights in oil and gas, was directed by it to purchase for it the rights in the oil and gas under this particular 142 acre tract; that he did procure the conveyance to it of the very interest therein that defendant now owns; but that such other interests therein as Miller was able to secure, he purchased for himself and had conveyed to J. D. Kittinger, who was his father-in-law; that Kittinger then conveyed the same interests to D. W. Taylor, who transferred them to the plaintiffs; that both Taylor and the plaintiffs at the time of the several conveyances of these interests, were fully informed of the relation of Miller to the defendant company, and the conveyance of these interests had been taken in the name of Kittinger because Miller dared not take them in his own name. The answer, by way of affirmative relief, prayed that a decree should be entered declaring that the interests in said land taken in the name of Kittinger belong to the defendant company, vesting the title to said interests in it, upon such terms as the court should prescribe, and fully determining its interest in said tract before any partition thereof should be made or any development thereon of oil and gas be authorized. There was no replication by the plaintiffs, either general or special, to the answer of the defendant company. But immediately following the filing of the answer the plaintiffs moved for and obtained the appointment of the receiver.

Section 36, Chapter 125 of the Code provides that "every material allegation of new matter in the answer constituting a claim for affirmative relief, not controverted by a special reply in writing, shall for the purposes of the suit, be taken as true, and no proof thereof shall be required." The material allegations of new matter constituting a claim for affirmative relief in the defendant company's answer were not controverted. Taking such new matter as true, the plaintiffs are simply holding the title to the interests in this tract of land as trustees for the defendant company. They have no such interest in the subject matter as entitles them to maintain this suit. The court should therefore have denied their motion for the appointment of a receiver, and the decree is reversed in that respect.          *Reversed and remanded.*